UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE W. HOOKER,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Defendant. | Case No. 18-cv-00908-HSG (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

# INTRODUCTION

Plaintiff, an inmate at the California Medical Facility proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 complaining of events that took place at the Correctional Training Facility ("CTF"), where he was previously incarcerated. He is granted leave to proceed in forma pauperis in a separate order. Based upon a review of the complaint pursuant to 28 U.S.C. § 1915A, it is dismissed with leave to amend.

# ANALYSIS

**A.  Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

In his complaint, plaintiff alleges that staff at CTF retaliated against him for filing an inmate grievance. Plaintiff does not offer many supporting facts and instead refers the Court to his previous habeas suit, C 17-1485 DMR (PR), which was dismissed without prejudice to filing a civil rights complaint. Plaintiff names various CTF staff and officials as well as the California Department of Corrections and Rehabilitation ("CDCR") as defendants. He also refers the Court to C 17-1485 DMR (PR) for additional defendants that he wishes to name in this action.

Plaintiff's allegations fail to state clearly what happened, when it happened, what each defendant did, and how those actions or inactions rise to the level of a federal constitutional violation. The lack of detail prevents the Court from determining which claims deserve a response and from whom, and also prevents individual defendants from framing a response to the complaint. These deficiencies require that an amended complaint be filed. Plaintiff should bear in mind the following legal principles on retaliation claims as he prepares his amended complaint.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

2

The plaintiff must show that the type of activity he was engaged in was protected by the First Amendment and that the protected conduct was a substantial or motivating factor for the alleged retaliatory acts. *See Mt Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977). Retaliation is not established simply by showing adverse activity by a defendant after protected speech; rather, the plaintiff must show a nexus between the two. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this"). *See generally Reichle, et al. v. Howards*, 132 S.Ct. 2088, 2097-98 (2012) (Ginsburg, J. concurring) (finding no inference of retaliatory animus from Secret Service agents' assessment whether the safety of the person they are guarding is in danger); *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 901 (9th Cir. 2008) (finding no retaliation where plaintiff presented no evidence that defendants gave her a traffic citation after defendants read a newspaper article about her First Amendment activities, rather than because she drove past a police barricade with a "road closed" sign on it); *Huskey*, 204 F.3d at 899 (summary judgment proper against plaintiff who could only speculate that adverse employment decision was due to his negative comments about his supervisor six or seven months earlier).

In his amended complaint, plaintiff must specifically identify what each named defendant did or did not do with regard to his retaliation claim and any other claims. Sweeping conclusory allegations will not suffice. Plaintiff should not refer to the defendants as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claims by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). The complaint need not be long. In fact, a brief and clear statement with regard to each claim listing each defendant's actions regarding that claim is preferable.

Plaintiff is advised that Federal Rule of Civil Procedure 20(a) provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). In his amended complaint,

3

plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law or fact common to all defendants named therein.

Plaintiff is cautioned that there is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under § 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Finally, plaintiff is advised that the Eleventh Amendment bars suits against a state agency. *See, e.g., Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (CDCR and California Board of Prison Terms are entitled to Eleventh Amendment immunity). Unless a state has waived its Eleventh Amendment immunity or Congress has overridden it, a state cannot be sued regardless of the relief sought. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The waiver must be unequivocally expressed. *See Sossamon v. Texas*, 563 U.S. 277, 284 (2011). Because there is no indication that the state has waived its Eleventh Amendment immunity, or that Congress has overridden it, plaintiff's claim against the CDCR is dismissed without leave to amend.

## CONCLUSION

1. The CDCR is DISMISSED without leave to amend. The Clerk shall terminate the CDCR as a defendant on the docket in this action. Otherwise, plaintiff's complaint is DISMISSED with leave to amend.

2. If plaintiff believes he can state a cognizable claim for relief, he shall file an AMENDED COMPLAINT within **thirty (30) days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 18-908 HSG (PR)) and the words AMENDED COMPLAINT on the first page. If plaintiff files an amended complaint, he must allege, in good faith, facts—not merely conclusions of law—that demonstrate that he is entitled to relief under the applicable federal laws. **Failure to file a proper amended complaint in the time provided will result in the dismissal of this action without further notice to plaintiff.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint or his filings in his prior actions by reference.

4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk shall send plaintiff a blank civil rights complaint form along with his copy of this order.

**IT IS SO ORDERED.**

Dated: 5/24/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge