UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE W. HOOKER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>I. GOMEZ, et al.,<br><br>　　　　　Defendants. | Case No. 18-cv-00908-HSG (PR)<br><br>**ORDER OF DISMISSAL WITH FURTHER LEAVE TO AMEND** |

## INTRODUCTION

On February 13, 2018, plaintiff, an inmate at the California Men's Colony proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 complaining of events that took place at the Correctional Training Facility ("CTF"), where he was previously incarcerated. On May 24, 2018, the Court reviewed the complaint and dismissed it with leave to amend on the ground that the allegations failed to state clearly what happened. The Court noted that plaintiff appeared to be alleging a variety of claims that were improperly joined, in violation of Federal Rule of Civil Procedure 20(a). The Court also noted plaintiff's rough allegations of retaliation and advised him on the legal standard for alleging a First Amendment retaliation claim.

Plaintiff has filed an amended complaint, which is now before the Court for review under 28 U.S.C. § 1915A. For the reasons stated below, the Court dismisses the amended complaint with further leave to amend.

## DISCUSSION

**A.　Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed, however. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

The amended complaint fails to cure the deficiencies identified in the Court's order of dismissal with leave to amend. Indeed, rather than clarifying his retaliation claim, plaintiff has expanded his allegations to include an even wider variety of claims. Plaintiff again fails to state clearly what happened, when it happened, what each defendant did, and how those actions or inactions rise to the level of a federal constitutional violation.

The federal rules on joinder are straightforward. "A party asserting a claim, counterclaim, cross-claim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). When, as here, there are multiple

2

defendants, they may be joined in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." *Id*. at 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id*. "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *Id*.

Plaintiff's amended complaint asserts claims of harassment, indifference to safety, false charges, deprivation of property, and denial of access to the courts. These claims appear to arise out of unrelated incidents. He names approximately nine different defendants. Moreover, plaintiff does not list his claims in any kind of coherent manner, but instead simply asserts a variety of violations in the course of his narrative. As alleged, plaintiff's claims do not arise out of the same transaction, occurrence or series of occurrences, and do not involve a common question of law or fact.

This Court cannot simply strike certain claims that are not properly joined because it cannot be discerned which of the claims plaintiff may wish to keep and which he wants to omit. Thus, instead of dismissing certain claims and defendants, the Court will dismiss the complaint with further leave to amend. *See* Fed. R. Civ. P. 21. In his amended complaint, plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law or fact common to all defendants named therein. Or he may bring multiple claims against a single defendant. Claims arising from unrelated incidents against different defendants must be alleged in separate complaints filed in separate cases.

Plaintiff is again reminded that he must specifically identify what each named defendant did or did not do with regard to his claims. Sweeping conclusory allegations will not suffice. Plaintiff should not refer to the defendants as a group (e.g., "the defendants"); rather, he should

3

identify each involved defendant by name and link each of them to his claims by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's amended complaint is DISMISSED with further leave to amend.

2. If plaintiff can cure the pleading deficiencies described above, he shall file a SECOND AMENDED COMPLAINT within **thirty (30) days** from the date this order is filed. The second amended complaint must include the caption and civil case number used in this order (C 18-0908 HSG (PR)) and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), plaintiff may not incorporate material from the prior complaints by reference. **Failure to file a second amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.**

3. The Clerk shall send plaintiff a blank civil rights form along with his copy of this order.

**IT IS SO ORDERED.**

Dated: 10/4/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

4